J-S74014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALPH JOSEPH SUNY | |
| Appellant | No. 1215 EDA 2016 |

Appeal from the PCRA Order March 29, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006903-2003
CP-23-CR-0006906-2003

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED October 6, 2016.**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Delaware County dismissing his "Motion for Correction/Modification of Sentence," which the lower court treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history are as follows: Following a jury trial, Appellant was convicted of two counts of burglary, three counts of conspiracy to commit burglary, and driving while under the influence of

_____

[*] Former Justice specially assigned to the Superior Court.

alcohol.[1]  The trial court sentenced Appellant to an aggregate of thirteen years and three months to twenty-seven years in prison.  Appellant filed a timely, direct appeal to this Court, and on November 6, 2006, we affirmed.  On July 6, 2007, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal; Appellant did not file a writ of *certiorari* with the United States Supreme Court.

On October 29, 2007, Appellant filed his first, timely PCRA petition, and counsel was appointed to represent him.  Counsel sought to withdraw pursuant to **Turner/Finley**,[2] and after permitting counsel to withdraw, the PCRA court dismissed Appellant's first PCRA petition on October 6, 2008.  This Court affirmed the dismissal of the PCRA petition, and our Supreme Court denied Appellant's petition for allowance of appeal.

On May 19, 2011, Appellant filed a second PCRA petition, which the PCRA court dismissed on June 22, 2011.  This Court affirmed the dismissal of the PCRA petition, and our Supreme Court denied Appellant's petition for allowance of appeal.

On or about January 12, 2016, Appellant filed a *pro se* petition entitled "Motion for Correction/Modification of Sentence" wherein he challenged the legality of his sentence.  The lower court treated the petition under the

---

[1] 18 Pa.C.S.A. § 3502, 18 Pa.C.S.A. § 903, and 75 Pa.C.S.A. § 3802(d)(1)(ii), respectively.
[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

auspices of the PCRA and issued notice of its intent to dismiss the petition. On March 29, 2016, the PCRA court dismissed Appellant's petition, and this timely, *pro se* appeal followed.

At the outset, contrary to Appellant's argument, we conclude the PCRA court properly treated Appellant's instant petition, entitled "Motion for Correction/Modification of Sentence," under the auspices of the PCRA. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect[.]" 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the Court must analyze the petition under the auspices of the PCRA. *Commonwealth v. Taylor*, 65 A.3d 462, 465-55 (Pa.Super. 2013).

In his instant petition, Appellant contends his sentence is illegal since (1) he was not convicted of one of the burglary charges for which he was sentenced, (2) his minimum sentence for conspiracy exceeds one-half of his maximum sentence for conspiracy, and (3) his aggregate minimum sentence exceeds one-half of his aggregate maximum sentence. As the PCRA court correctly observed, challenges to the legality of a petitioner's judgment of sentence are cognizable under the PCRA. *See Commonwealth v. Jackson*, 30 A.3d 516 (Pa.Super. 2011). Accordingly, the PCRA court

properly treated Appellant's "Motion for Correction/Modification of Sentence" as a PCRA petition.

With regard to petitions filed under the PCRA, as this Court has observed:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief.

*Taylor*, 65 A.3d at 468 (citations omitted). Thus, at this juncture, we must determine whether Appellant's January 12, 2016, petition was timely filed under the PCRA.

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

In the case before us, this Court affirmed Appellant's judgment of sentence on November 6, 2006, and our Supreme Court denied Appellant's petition for allowance of appeal on July 6, 2007. Appellant did not seek further review. Accordingly Appellant's judgment of sentence became final for PCRA purposes on or about October 4, 2007, upon expiration of the time to seek *certiorari* with the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13 (allowing ninety days to file petition for *certiorari*). Appellant filed his current PCRA petition on January 12, 2016, over eight years later. Thus, his current petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Nevertheless, Appellant suggests that, since his sentence is illegal for the reasons set forth in his petition, he is not subject to the PCRA's timeliness restrictions. However, our Supreme Court has held specifically that, "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999).

In the case *sub judice*, Appellant has not invoked any of the applicable exceptions to the PCRA, and therefore, we agree with the PCRA court that Appellant's instant petition was untimely filed.[3]

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2016

---

[3] Appellant contends appellate counsel was ineffective in failing to raise his legality of sentencing issues on direct appeal; however, we note that our Supreme Court has held "that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Fahy*, 558 Pa. at 331, 737 A.2d at 223.